IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID D. RICHARDSON, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Civil Action No. 08-1632 |
| | ) | Judge Terrence F. McVerry/ |
| RON DIEHL, | ) | Chief Magistrate Judge Amy Reynolds Hay |
| | ) | |
| Defendant | ) | |

REPORT AND RECOMMENDATION

I.  Recommendation

It is respectfully recommended that the complaint be dismissed for failure to state a claim upon which relief can be granted pursuant to the screening provisions of the PLRA. It is further recommended that the Defendant's Motion to Dismiss be denied as moot.

II. Report

David Dewees Richardson ("Plaintiff"), also known variously as Waahid Muslim and Waahid Sabir Muslim,[1] currently incarcerated at SCI-Greensburg, is an experienced pro se litigator, having filed, according to PACER, roughly 18 cases in the Pennsylvania federal district courts under the names of "David Richardson," "David D. Richardson" or "David Dewees Richardson" and

---

[1] See Pa. Department of Corrections Inmate Locator Website at:

http://www.cor.state.pa.us/inmatelocatorweb/

(Site last visited 8/11/09)(listing Plaintiff's commitment name and his aliases). Plaintiff's current inmate Identification Number is GR6900. His former inmate Identification Number was CX9415. See, e.g., Waahid Muslim v. Et Al. Ilene Metcalf, No. 95-cv-02018 (E.D. Pa., listing Plaintiff's then current inmate number and listing his alias as "David Dewees Richardson"). See also Waahid Sabir Muslim v. Nurse Gail Campbell, No. 2:96-cv-00390 (E.D. Pa., listing Plaintiff's Inmate I.D. Number as CX-9415 and his alias as "David Dewees Richardson").

having filed another 13 cases under the names of "Waahid Muslim" or "Waahid Sabir Muslim."[2] He has filed this instant civil rights lawsuit pro se, naming one defendant, i.e., Ron Diehl, the Prothonotary for the Court of Common Pleas of Westmoreland County.  Plaintiff claims that Mr. Diehl denied him access to courts by intentionally refusing to file Plaintiff's notice of appeal in a state court medical malpractice case that Plaintiff brought against two civil defendants by the names of Paul Donegan and Lori Kwisnek.  Plaintiff alleges that as a result of Mr. Diehl's actions, Plaintiff's efforts to appeal the state trial court's dismissal of his medical malpractice suit were frustrated.  Because Plaintiff fails to sufficiently describe the underlying state medical malpractice suit, Plaintiff fails to state a claim upon which relief can be granted.

      A.      <u>Relevant Procedural History</u>

Plaintiff originally filed the instant suit in state court, alleging a violation of his right of access to the courts, which is a right guaranteed to him by the United States Constitution.  Dkt. [1-2].  The Defendant removed the suit to federal court as was his right given that it presented a federal question.  Dkt. [1].  Thereafter, the Defendant filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), which was accompanied by indisputably authentic documents, Dkt. [11], and a brief in support thereof.  Dkt. [12].  After being granted an extension of time in which to do so, Plaintiff filed his response, in the form of an affidavit, Dkt. [17], and a brief in support of his response, Dkt. [18].

      B.      <u>Allegations of the Complaint</u>

Plaintiff alleges that he filed "a medical malpractice civil cause of action in the Court of Common Pleas, Westmoreland County, Pennsylvania, in the matter of david [sic] D. Richardson v.

---

[2] While some of the cases that PACER lists are listed under both last names of Plaintiff, in the Court's counting of the cases, the Court took account of this and did not double count any such cases.  Hence there is a total of 31 different cases filed by Plaintiff, some of which were eventually consolidated.

Paul Donegan and Lori Kwisnek, Civil No. 6695 of 2007." Dkt. [1-2] at 1 to 2, ¶ 4.  On August 21, 2007, the state trial court ordered Plaintiff to file a certificate of merit as is required by state law, within 60 days.  Id., at 2, ¶ 5.  Instead of filing a certificate of merit, Plaintiff filed a certification that no certificate of merit was required pursuant to Pa.R.Civ.P. 1042.3(3).  The state trial court entered an order striking Plaintiff's certificate as being in direct contradiction to the allegations set forth in the medical malpractice complaint.  Id., at ¶ 8.  Plaintiff did not file any other certificates of merit.  Id., at ¶ 9.  Thereafter, the state trial court entered an order on October 23, 2007, dismissing Plaintiff's medical malpractice action because no certificate of merit was filed within 60 days as required by the state trial court.  On November 7, 2007, Plaintiff sent to the Westmoreland County Court of Common Pleas Prothonotary's office for filing a notice of appeal regarding the state trial court's October 23, 2007 order, dismissing Plaintiff's medical malpractice suit.  Id., ¶ 11.  Plaintiff requested that the Notice of Appeal be processed in accordance with the then extant version of Pa.R.A.P. 905(b).[3]  Id., ¶ 12.  Plaintiff then alleged that this notice of appeal was filed (meaning thereby presumably on the docket of the Court of Common Pleas of Westmoreland County) on November 9, 2007.  Id., at 4, ¶ 13. See also Dkt. [17-2] at 2 (Notice of Appeal with stamp of

---

[3] Pa.R.A.P. 905 (b) provided at the time of the filing of the Notice of Appeal as follows:

> **(b) Transmission to appellate court.** The clerk [of the lower court, or in this case, the prothonotary] shall immediately transmit to the prothonotary of the appellate court named in the notice of appeal a copy of the notice of appeal showing the date of receipt, the related proof of service and a receipt showing collection of any docketing fee in the appellate court required under subdivision (c).  The clerk shall also transmit with such papers:
>
> 1. A copy of any order for transcript;
> 2. A copy of any verified statement, application or other document filed under Rule 551 through Rule 561 relating to in forma pauperis; and
> 3. if the appeal is to the Supreme Court, the jurisdictional statement required by Rule 909.

Pennsylvania Rules of Court, State, 887 (2007 ed.).

3

Prothonotary's office dated November 9, 2007 at 2:12). The notice of appeal was subsequently returned to Plaintiff with the filing date of the notice of appeal crossed out. Dkt. [1-2] at 4, ¶ 14. Plaintiff alleges that Mr. Diehl, intentionally refused to file Plaintiff's notice of appeal in accordance with Pa.R.A.P. 905(b), which, Plaintiff claims, frustrated his efforts to appeal the state Trial court's order of October 23, 2007.

By way of relief, Plaintiff seeks damages, both compensatory and punitive.

C.  Standard of Review

As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), a complaint may properly be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  Under this standard, the court must, as a general rule, accept as true all factual allegations of the complaint and all reasonable inferences must be viewed in the light most favorable to plaintiff.  Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). Nevertheless, under the 12(b)(6) standard, a "court need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), amended by, 275 F.3d 1187 (9th Cir. 2001).  Nor must the Court accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint.  See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)).  Nor must the court accept legal conclusions set forth as factual allegations.  Twombly, 550 U.S. at 554 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

In addition to the complaint, courts may consider matters of public record and other matters

of which a court may take judicial notice, court orders, and exhibits attached to the complaint when adjudicating a motion to dismiss under Rule 12(b)(6). Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994). In addition, the Court of Appeals in Spruill v. Gillis, 372 F.3d 218, 223 (3d Cir. 2004), held that a "defendant may submit an indisputably authentic [document] to the court to be considered on a motion to dismiss[.]"

The question to be resolved is: whether, taking the factual allegations of the complaint, which are not contradicted by the indisputably authentic exhibits and matters of which judicial notice may be had, and taking all reasonable inferences to be drawn from those uncontradicted factual allegations of the complaint, are the "factual allegations . . . enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact[.]" Twombly, 550 U.S. at 555-556. Or put another way, a complaint may be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In addition, because Plaintiff was a prisoner at the time of the filing of this civil action,[4] and because he named governmental entities or employees thereof as defendants, the screening provisions of the Prisoner Litigation Reform Act ("PLRA") found at 28 U.S.C. § 1915A apply herein. Pursuant to this screening provision, a court is obliged to sua sponte dismiss as soon as practicable complaints that are frivolous, malicious or that fail to state a claim upon which relief can

---

[4] See, e.g., In re Smith, 114 F.3d 1247, 1251 (D.C. Cir. 1997)("If a litigant is a prisoner on the day he files a civil action, the PLRA applies."); Colby v. Sarpy County, No. 4:01CV3130, 2006 WL 519396, at *1 (D. Neb. March 1, 2006)("The status of the plaintiff at the time the lawsuit is initiated, i.e., whether the plaintiff is incarcerated when the complaint is filed, determines whether the PLRA applies to a case.").

be granted. The Court certifies that this is as soon as practicable.[5] The court's obligation to dismiss a complaint under the PLRA screening provisions is not excused even after defendants have filed a motion to dismiss. See, e.g., Lopez v. Smith, 203 F.3d 1122, 1126 n.6 (9th Cir. 2000). Hence, if there is a ground for dismissal which was not relied upon by a defendant in a motion to dismiss, the court may nonetheless sua sponte rest its dismissal upon such ground pursuant to the screening provisions of the PLRA. See Lopez; Dare v. U.S., CIV.A.06-115E, 2007 WL 1811198, at *4 (W.D.Pa. June 21, 2007), aff'd, 264 Fed.Appx. 183 (3d Cir. 2008).

Because the court can take judicial notice of facts in adjudicating a motion to dismiss under 12(b)(6), and the standards under 12(b)(6) and under the PLRA are the same regarding complaints that fail to state a claim, the court may likewise take judicial notice of facts in its sua sponte screening of complaints under the PLRA. See Lloyd v. U.S., No. 99 C 3347, 1999 WL 759375, at *1 (N.D. Ill. Sept. 3, 1999) ("As the court may take judicial notice of public records without converting a motion to dismiss to a motion for summary judgment, Henson v. CSC Credit Services, 29 F.3d 280, 284 (7th Cir. 1994), the court will take judicial notice of court records in conducting its initial review under §1915A."). Lastly, because Plaintiff is pro se, courts accord an even more liberal reading of the complaint, employing less stringent standards when considering pro se pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519 (1972). But cf. Johnson v. Eggersdorf, 8 Fed.Appx. 140, 143 (2d Cir. 2001)(noting that the plaintiff therein was "an extremely litigious inmate who is quite familiar with the legal system and with pleading requirements." Davidson v. Flynn, 32 F.3d 27, 31 (2d Cir. 1994). Therefore, the deference usually granted to pro se plaintiffs need not be expansively drawn in this case."); Edwards v.

---

[5] The screening provisions of the PLRA apply even to suits that were initiated by prisoners in the State Courts and that were then subsequently removed to federal Courts. See, e.g., Duff v. Yount, 51 Fed.Appx. 520 (6th Cir. 2002); Crooker v. Burns, 544 F.Supp.2d 59, 67 (D.Mass. 2008); Painter v. Prison Health Services, Inc., Civ.A. No. 08-1381, 2009 WL 1664357, at *3 (W.D.Pa. June 12, 2009).

Selsky, No. 9:04-CV-1054, 2007 WL 748442, at *2 -*3 (N.D.N.Y. March 6, 2007) (finding that experienced pro se litigators are not entitled to such liberality given their experience in the litigation of cases and suggesting that those pro se prisoners who have filed more than 12 suits, should be considered as "experienced" and not provided the liberality accorded other less experienced pro se litigators).

    D.    Discussion

        1.    First Amendment Claim

Plaintiff's First Amendment[6] claim is that the alleged actions or inactions of Defendant Diehl violated his right of access to the courts. However, Plaintiff has failed to state a First Amendment claim of denial of access to the courts because he has not sufficiently pleaded any "actual injury" as is required in order to state a First Amendment denial of access case. The Court finds the case of Christopher v. Harbury, 536 U.S. 403 (2002) to require dismissal of this claim.

In Christopher, a non-citizen husband of an American wife was detained in a foreign country by CIA-employed foreign army officers who eventually killed him. Prior to his death, the wife had tried to obtain information about her husband, however, the State Department and other governmental officials stated to her that they would investigate. Nevertheless, these governmental officials kept information from her and made misrepresentations that she alleged prevented her from obtaining information that would have enabled her to file a suit to prevent her husband's death. She

---

[6] Technically speaking, the First Amendment applies to the states through the Fourteenth Amendment. Bates v. City of Little Rock, 361 U.S. 516, 527-28 (1960)(Black, J. concurring); Bogen v. Doty, 598 F.2d 1110, 1111 n.1 (8th Cir. 1979)("The first amendment was made applicable to the states by the fourteenth amendment."). The standards of the First Amendment are the identical standards applicable to the States through incorporation by the Fourteenth Amendment's due process clause. Johnson v. Louisiana, 406 U.S. 380, 384 (1972)("We have held that the guarantees of the First Amendment . . . are all to be enforced against the States under the Fourteenth Amendment according to the same standards that protect those personal rights against federal encroachment."). With this understanding, the Court will simply refer to the First Amendment in its discussion.

alleged that the officials' conduct interfered with her right of access to the courts. The District Court dismissed the claim. The Court of Appeals reversed and the United States Supreme Court, in turn, reversed the Appeals Court and emphasized that in order to plead an adequate denial of access to courts claim the plaintiff must plead the existence of an injury, i.e., the loss of a non-frivolous lawsuit. Accordingly, the high Court reversed the Appeals Court and in effect, affirmed the District Court's order of dismissal for failure to state a claim.

The Supreme Court declared that the "very point of recognizing any access claim is to provide some effective vindication for a separate and distinct right to seek judicial relief for some wrong . . . . the right [of access claim] is ancillary to the underlying claim, without which the plaintiff cannot have suffered injury by being shut out of court." Christopher, 536 U.S. at 414-15. Therefore, "[i]t follows that the underlying cause of action . . . is an element that must be described in the complaint, just as much as the allegations must describe the official acts frustrating the claim." Id. at 415. In addition, the court explained that as part of the pleading requirement to demonstrate actual injury caused by the official actions, the plaintiff must plead that she has actually lost the opportunity to litigate that which she desired to litigate in the suit which was blocked by the official action. The Court explained that "the complaint must identify a remedy that may be awarded as recompense [for the blocked suit] but not otherwise available in some suit that may yet be brought." Id. In other words, if the claims in the blocked suit may yet be brought, there is no sense in litigating an access to courts claim because no actual injury was suffered if the claims in the blocked suit could still be brought. As the Supreme Court put it so succinctly, "[t]here is, after all, no point in spending time and money to establish the facts constituting denial of access when a plaintiff would end up just as well off after litigating a simpler case without the denial of access element." Id. With this understanding the Court then went on to hold that

> Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant. Although we have no reason here to try to describe pleading standards for the entire spectrum of access claims, this is the place to address a particular risk inherent in backward-looking claims [such as the claim Plaintiff Richardson brings herein, i.e., that past behavior of officials have caused a party to lose access to courts in the past]. Characteristically, the action underlying this sort of access claim will not be tried independently, a fact that enhances the natural temptation on the part of plaintiffs to claim too much, by alleging more than might be shown in a full trial focused solely on the details of the predicate action.
>
> Hence the need for care in requiring that the predicate claim be described well enough to apply the "nonfrivolous" test and to show that the "arguable" nature of the underlying claim is more than hope.  And because these backward-looking cases are brought to get relief unobtainable in other suits, the remedy sought must itself be identified to hedge against the risk that an access claim be tried all the way through, only to find that the court can award no remedy that the plaintiff could not have been awarded on a presently existing claim.

Id., at 416 (footnotes and citations omitted).

Plaintiff's complaint fails to state a claim under the holding of Christopher.  Plaintiff has failed to sufficiently describe the state civil malpractice case and appeal he sought to bring in order for this Court to conduct its non frivolous review as required under Christopher.  Thus, Plaintiff fails to allege sufficient facts regarding his underlying state tort lawsuit and appeal to show that, even if his access to the courts was somehow impeded by the alleged actions of Defendant Diehl in regards to the appeal of his malpractice case, he suffered an injury, i.e., that the malpractice case and appeal thereof were non-frivolous.  Because he has failed to do so, his claim must be dismissed for failure to state a claim upon which relief can be granted.

In the alternative, the Court takes judicial notice of the malpractice complaint filed in the state court case, Dkt. [11-2], which was included in the Defendant's Motion to Dismiss.  The Court also takes judicial notice of the fact that the state trial court dismissed the malpractice complaint because Plaintiff failed to obtain the certificates of merit as deemed to be necessary under state law in order for Plaintiff's complaint to be viable.  We hold that as a matter of law, such a complaint,

9

alleging malpractice that is unaccompanied by the certificates of merit as held to be required under state law and dismissed at the trial court level for so failing to comply with state law, is simply not non-frivolous within the contemplation of Christopher.  Hence, to be denied access to court for any such suit or appeal of any such suit simply does not meet the requirement to show an actual injury under the access of courts jurisprudence as it has developed.  Lewis v. Casey, 518 U.S. 343, 351 (1996); Toussaint v. Good, 276 Fed.Appx. 122, 124 (3d Cir. 2008)("As to Toussaint's First Amendment claim regarding the denial of access to the courts, we agree with the Magistrate Judge's determination that Toussaint alleged no actual injury under Lewis v. Casey, 518 U.S. 343, 355 (1996)."); Oliver v. Fauver, 118 F.3d 175, 177-78 (3d Cir. 1998) (inmate must demonstrate an actual injury to sustain a claim of denial of access to courts).   Accordingly, the complaint must be dismissed for this alternative ground.

2. Defendant's Motion to Dismiss

The Court further recommends that the motion to dismiss be denied as moot in light of the fact that the Court recommends that the complaint be dismissed for failure to state a claim upon which relief can be granted sua sponte pursuant to the screening provisions of the PLRA.  The Court does so, in part, because the Motion to Dismiss misapprehends, as a factual matter, the claim Plaintiff is making.  Plaintiff is claiming that Defendant Diehl improperly handled the notice of appeal which Plaintiff sent into the Prothonotary and which concerned the state trial court's order of October 23, 2007, that  dismissed Plaintiff's complaint. Dkt. [1-2] at 3, ¶ 11.  However, the Court notes that Plaintiff had earlier sent in another notice of appeal to the Westmoreland County Court of Common Pleas Prothonotary.  Dkt. [11-3] at 1 (docket of the Westmoreland County Court of Common Pleas, showing a Notice of Appeal docketed on 10/17/2007, which was apparently an interlocutory appeal of the October 1, 2007 order of the state trial court that had struck Plaintiff's

10

two Certificates wherein Plaintiff has asserted that no certificates of merit were necessary).  See also Dkt. [11-9] at 1 (notice of appeal from the October 1, 2007 order.  This notice of appeal was date stamped by the Westmoreland County Court of Common Pleas Prothonotary as of October 15, 2007); Dkt. [11-10] at 1 (a copy of the same notice of appeal date stamped as "received" by the Superior Court as of October 9, 2007 and also date stamped by the Westmoreland County Court of Common Pleas Prothonotary as of October 17, 2007).  We will hereinafter refer to this Notice of the Appeal as "the interlocutory Notice of Appeal."[7]  The Defendant argues this case as if it concerned Plaintiff's Interlocutory Notice of Appeal.  See, e.g., Dkt. [11] at 8 to 9 ¶¶ 45 to 50.  Defendant argues that Plaintiff's allegations in the complaint are "entirely discrepant with the record evidence between the Prothonotary's office and the Superior Court of Pennsylvania. . . ."  However, all of the exhibits attached by the Defendant to the Motion to Dismiss and upon which he relies to establish that the Notice of Appeal was processed properly concern the interlocutory Notice of Appeal.  Plaintiff is clearly complaining **not** about the interlocutory notice of appeal but about the Notice of Appeal taken in response to the October 23, 2007 order of the state trial court that dismissed the malpractice suit.  That Plaintiff is doing so is made clear in his response, wherein he attaches the Notice of Appeal from the October 23, 2007 order of the state trial court.  In fact, taking judicial notice of the civil dockets of the Westmoreland County Court of Common Pleas in the case of

---

[7] It appears that this interlocutory notice of appeal was twice filed on the docket of the Westmoreland County Court of Common Pleas; once on October 15, 2007, which corresponds with the Interlocutory Notice of Appeal found at Dkt. [11-9] at 1, and the second time on October 17, 2007, which apparently corresponds with the Interlocutory Notice of Appeal found at Dkt. [11-10] at 1. See Dkt. [11-3] at 1 (copy of the Docket of the Westmoreland County Court of Common Pleas in Case No. 07CI06695, i.e., Plaintiff's medical malpractice suit showing docketings of two notices of appeal).  It is simply a matter of logic that neither of these filings of the interlocutory notice of appeal could have been a filing of the Notice of Appeal that Plaintiff claims Defendant Diehl refused to file since the order being appealed from, i.e., the state trial court's order of October 23, 2007, was not filed until October 23, 2007, several days **after** the October 17, 2007 second filing of the interlocutory notice of appeal.

11

<u>David Richardson v. Donegan et al.</u>, No. 07CI06695 (Westmoreland CCP),[8] there is no entry on that docket for a notice of appeal being filed after the October 23, 2007 order dismissing the complaint. <u>See</u> <u>also</u> Dkt. [11-3] at 1 (a printout of that docket occurring on January 19, 2009, which also shows no notice of appeal being filed after the October 23, 2007 order of the state trial court dismissing the malpractice suit).  Hence, contrary to Defendant's assertion, the record is not entirely discrepant with Plaintiff's claims when Plaintiff's claims are properly understood as concerning the Notice of Appeal which was an appeal of the October 23, 2007 state trial court order dismissing the case. Hence, given this, and in light of the Court's recommended sua sponte dismissal of the complaint under the PLRA, the Court respectfully recommends simply denying the Defendant's motion to dismiss as moot.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are permitted to file written objections and responses thereto in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation.  Failure to timely file objections may constitute waiver of any appellate rights.

        Respectfully submitted,

        /s/ *Amy Reynolds Hay*
        Chief United States Magistrate Judge

Dated: 21 August, 2009


cc:    Terence F. McVerry
       United States District Judge

---

[8] Those dockets are available at:

    http://westmorelandweb400.us:8088/EGSPublicAccess.htm

David D. Richardson
GR-6900
SCI Greensburg
165 SCI Lane
Greensburg, PA 15601

All counsel of record by Notice of Electronic Filing