IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID D. RICHARDSON, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | Civil Action No. 08-1632 |
| ) | Judge Terrence F. McVerry/ |
| RON DIEHL, ) | Chief Magistrate Judge Amy Reynolds Hay |
| ) | |
| Defendant ) | |

## MEMORANDUM ORDER

The above-captioned pro se civil rights action was first filed in the Court of Common Pleas of Westmoreland County and was then removed by the Defendant, Ron Diehl, to this Court on November 26, 2008. The case was referred to United States Magistrate Judge Amy Reynolds Hay for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1) and Rules 72.D and G of the Local Civil Rules for Magistrate Judges.

In the Magistrate Judge's Report, Dkt. [19], it was recommended that the Defendant's motion to dismiss be denied as moot but that the complaint be dismissed for failing to state a claim upon relief pursuant to the screening provisions of the PLRA. Specifically, the Report found Plaintiff's claims for denial of access to court deficient for not adequately describing the alleged underlying suit lost or, in the alternative, found that the underlying state law suit or appeal allegedly lost was not non-frivolous within the meaning of Supreme Court's jurisprudence governing access to courts.

Plaintiff filed timely objections, essentially objecting to the fact that he was not given an

opportunity to file an amended complaint and, secondly, objecting to the finding that his lost suit or appeal is not non-frivolous.  The Court will take up the second objection first.

The Report found that Plaintiff's underlying state medical malpractice suit and appeal failed to qualify as "non-frivolous" because the state trial court dismissed the complaint for not having complied with the trial court's order to file a certificate of merit as required by Pa.R.Civ.P. 1042.3.  What transpired in the state trial court was that Plaintiff filed a motion for leave to proceed in forma pauperis in order to file the malpractice case.  The state trial court ordered that Plaintiff's IFP motion will not be considered unless the Plaintiff filed a certificate of merit as to each of the two defendants within 60 days of August 20, 2007, the date of the filing of the complaint in the State Court.  Dkt. [11-5].  Rather than file the required certificates of merit, Plaintiff filed on August 24, 2007, in the state trial court two certificates indicating that no expert testimony was required in order to establish the negligence of the two defendants.  Dkt. [11-6] at 1 - 2.  The state trial court on October 1, 2007, struck the two certificates Petitioner filed, and did so "because plaintiff's offered certificates of merit rely upon the alternative set forth in Pa.R.C.P. 1042.8,[1] where, 'expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim;' and this assertion is directly contradicted by the allegations set forth in plaintiff's complaint[.]"  Dkt. [11-7] at 2.  Thereafter, on October 23, 2007, the state trial court entered an order that provided in relevant part as follows: "as plaintiff's certificate of merit was stricken by order of court dated October 1, 2007, and the sixty-day period referred to in the order of court dated August 21, 2007, for filing a certificate of merit has expired

---

[1] Pa.R.Civ.P. Nos. 1042.6, 1042.7 and 1042.8 were amended and renumbered effective June 16, 2008. See Explanatory Comment-- 2008  under Pa.R.Civ.P. 1042.6.

2

and no new certificate of merit has been filed; The plaintiff's motion to proceed in forma pauperis is denied and the plaintiff's complaint is dismissed." Dkt. [11-8] at 1.

The Report found that Plaintiff's lawsuit, dismissed as it were by the Court of Common Pleas for failing to comply with its order to file the certificates of merit which the state trial court found to be necessary under state law, simply was not non-frivolous.

In his objections, Plaintiff argues that a malpractice suit that does not have a certificate of merit is not frivolous under state law, rather, such lack of a certificate only results in a plaintiff being precluded from offering expert testimony on the subject matter at trial. Dkt. [20] at 2 note. Plaintiff then goes on to argue that under Pennsylvania law, no expert is required where the matter is so simple and the lack of care so obvious as to be within the range of ordinary experience and comprehension of even non-professionals. Plaintiff claims his is such a case. As both the state trial court and the Report found, Plaintiff's claims are not such a case and his complaints about alleged sleep deprivation and snoring and the apparent disagreement between Drs. Snyder and Donegan as to what tests to perform or services to render are not so obvious as to not need expert testimony to establish the appropriate standard of care. Even if it were otherwise, expert testimony would certainly be required to establish any causation of harm to Plaintiff. This Court agrees with both the state trial court and the Report that expert testimony was required. See, e.g., Booker v. U.S., No. 1:CV-07-1960, 2009 WL 90129, at *3 (M.D.Pa. Jan. 14, 2009 ("The issues are simply too complex for a layperson to decide what medical treatment [or tests or course of action] was proper for Plaintiff's complaints."). As explained by the Pennsylvania Supreme Court, "medical malpractice can be broadly defined as the unwarranted departure from generally accepted standards of medical practice resulting in injury

to a patient, including all liability-producing conduct arising from the rendition of professional medical services." Toogood v. Owen J. Rogal, D.D.S., P.C., 824 A.2d 1140, 1145 (Pa. 2003)(plurality).  Here, as a matter of law, this Court finds that Plaintiff must present expert testimony to establish the generally accepted standard of medical practice and, moreover, to establish that the acts or inactions of the defendants caused Plaintiff harm. Given that he must, his failure to do so barred his malpractice case from being considered "non-frivolous" within the contemplation of Christopher v. Harbury, 536 U.S. 403 (2002).  Hence, his lost appeal thereof likewise is barred from being "non-frivolous."

In light of the foregoing, the Court now addresses Plaintiff's first objection about not being given an opportunity to amend.  The Court finds that any amendment would be futile.

After *de novo* review of the pleadings and the documents in the case, together with the Report and Recommendation, and Plaintiff's objections, the following order is entered:

AND NOW, this 2nd day of September 2009;

IT IS HEREBY ORDERED that the complaint is DISMISSED pursuant to the screening provisions of the PLRA, and the Defendant's motion to dismiss, Dkt. [11], is DENIED as moot.

IT IS FURTHER ORDERED that the Report and Recommendation, Dkt. [19], filed on August 24, 2009, is accepted as the opinion of the court as supplemented hereby.

Lastly, the Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from this order would not be taken in good faith.

The Clerk is to mark the case closed.


        s/ Terrence F. McVerry
        Terrence F. McVerry
        United States District Judge


cc:    The Honorable Amy Reynolds Hay
       Chief United States Magistrate Judge

       David D. Richardson
       GR-6900
       SCI Greensburg
       165 SCI Lane
       Greensburg, PA 15601

       Counsel of Record via CM-ECF